UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'11 SEP 26 P12:52

UNITED STATES OF AMERICA                                           PLAINTIFF

FILED
US DISTRICT COURT CLERK
WESTN DIST. KENTUCKY

v.                                                     CRIMINAL NO. 5:09CR-13-R

ALEJANDRO DANIEL                                                   DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Alejandro Daniel, and his attorney, Laura Wyrosdick, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 21, United States Code, Section 841.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to all counts of the Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea. That between September 3, 2009 and July 1, 2010, in the Western District of Kentucky, the defendant conspired with other persons to knowingly and intentionally distribute more than fifty grams of cocaine base, as charged in Count 1 of the Indictment. That the defendant knowingly and intentionally distributed 21.1 grams of

1

cocaine base on September 3, 2009 (Count 2), 10.2 grams of cocaine base on October 15, 2009 (Count 3), 19.3 grams of cocaine base on April 22, 2010 (Count 4), and 15.1 grams of cocaine base on July 1, 2010 (Count 7). Also, that the defendant knowingly and intentionally distributed 14.2 grams of cocaine hydrochloride on June 11, 2010 (Count 5). Also, that the defendant knowingly and intentionally distributed 450.1 grams of marijuana on June 11, 2010 (Count 6), and 437.2 grams of marijuana on July 1, 2010 (Count 8). All the foregoing transactions occurred in Christian County, Kentucky, and involved distribution to confidential police informants acting under police supervision and surveillance.

    4.    Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of five years, a combined maximum term of imprisonment of 150 years, a combined maximum fine of $9,500,000, and a term of supervised release of at least four years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

    5.    Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

    6.    Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

        A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power.

      C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.      Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are left to be addressed at sentencing.

9.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $800 to the United States District Court Clerk's Office **by** the date of sentencing.

10.      At the time of sentencing, the United States will

    -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory

>minimum term of imprisonment required by law.
>
>-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.
>
>-stipulate that the quantity of drugs involved in this case is 65.7 grams of cocaine base, 14.2 grams of cocaine hydrochloride, and 887.3 grams of marijuana.

11.   Both parties agree that the base offense level is 26, but reserve for sentencing all other arguments relating to the Sentencing Guidelines applicable in this case. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw his plea of guilty if he receives a more severe sentence than he expects.

12.   Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13.   Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal law enforcement agencies.

16. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

17. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

18. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

s/ *[signature]*
for Larry Fentress
Assistant U.S. Attorney

9/26/2011
Date

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

*[signature]*
Alejandro Daniel
Defendant

9-26-11
Date

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

*[signature]*
Laura Wyrosdick
Counsel for Defendant

9/26/11
Date

DJH:LF:9/21/11